UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RANDALL WAYNE WOMACK JR #359074     CIVIL ACTION NO. 16-cv-0185

VERSUS     JUDGE FOOTE

STATE OF LOUISIANA     MAGISTRATE JUDGE HORNSBY

# JUDGMENT

Before the Court is the Report and Recommendation of the Magistrate Judge. [Record Document 13]. Having thoroughly reviewed the record and the written objections filed, the Court **CONCURS** with all of the findings of the Magistrate Judge with the exception of the findings regarding prosecutorial misconduct. With respect to those findings, the Court **CONCURS** in the result, but finds that the Magistrate Judge did not apply the correct legal standard.

Womack asserts that the prosecutors forced the two victims to testify against their will by threatening them with deportation and that the victims are willing to appear at an evidentiary hearing to testify to the prosecutors' threats. [Record Document 1 at 19]. A conviction can be reversed for prosecutorial misconduct only if the conduct in question "so infect[s] the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see also United States v. Strother*, 387 F. App'x 508, 511–12 (5th Cir. 2010) (per curiam) (holding that a prosecutor who threatens a defense witness with prosecution for perjury or for drug possession were she to testify did not violate due process).

Although Womack alleges that the prosecutors coerced the victims into testifying against him, he does not assert that they testified falsely, merely that they were forced to testify. Prosecutors always have the power to compel reluctant witnesses—even victims—to appear and give testimony. Moreover, the victims' inculpatory testimony was corroborated by that of the three other participants in the robbery as well as by physical evidence inside the robbers' vehicle. Because the Due Process Clause protects criminal defendants only against prosecutorial conduct that renders the trial unfair, the Court holds that the prosecutor's tactics, even if overly aggressive, did not violate the Fourteenth Amendment.

Therefore, it is ordered that Womack's Petition for Writ of Habeas Corpus is **DENIED**.

Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. The court, after considering the record in this case and the standard set forth in 28 U.S.C. Section 2253, **DENIES** a certificate of appealability because the applicant has not made a substantial showing of the denial of a constitutional right.

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 20th day of Feb, 2019.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE